**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ROBERT GIVENS, | : | Case No. 3:03CV440 |
| | : | |
| Plaintiff, | : | Judge Rose |
| | : | Magistrate Judge Ovington |
| v. | : | |
| | : | |
| JIM MONEY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

_____

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Robert Givens and Defendants Delphi Automotive Systems, LLC (now known as Delphi Corporation), Jim Money, and Gary Sexton (collectively, "Defendants"), through their respective counsel, hereby stipulate to the entry of this Order for the protection of certain confidential and proprietary information which may be produced or otherwise disclosed during the course of this action.

THEREFORE, the parties having so stipulated, this Court having determined that a Protective Order is necessary and appropriate pursuant to the terms of Rule 26(c) of the Federal Rules of Civil Procedure, and the Court otherwise being fully advised in the premises;

IT IS HEREBY ORDERED as follows:

1. For the purposes of this Order, the following definitions shall govern:

    (a) "CONFIDENTIAL INFORMATION" shall mean all information that constitutes a trade secret or other confidential business, commercial, financial or proprietary information;

    (b) "COUNSEL" shall mean all attorneys representing a party in the above-captioned case; and

    (c) "SUPPORT PERSONNEL" shall mean any clerical and/or support staff employed by counsel or under contract with counsel, specifically including (i) secretarial support staff, (ii) paralegal employees, and (iii) any independent stenographer retained to record and transcribe testimony in this action.

2. A party desiring to have information protected by this Protective Order must notify all others by stamping it "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or words to that effect prior to disclosure. For multi-page documents, only the cover page thereof must be stamped "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or words to that

effect and the number of pages indicated.  Unless otherwise agreed or ordered by the Court, the disclosing party shall retain the originals of all documents and legible copies shall be produced in lieu thereof.

3.  This Protective Order applies to all information produced by a party to any other party in this matter, or used at a deposition prior to or subsequent to the entry of this Order and marked "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or words to that effect. This Order supercedes and replaces the previous Stipulated Protective Order entered in State Court in this matter.

4.  CONFIDENTIAL INFORMATION disclosed during a deposition shall be so designated on the record and, unless otherwise agreed by counsel, the Court Reporter shall be instructed to separately transcribe such testimony under separate cover with each page thereof clearly marked as "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or words to that effect.

5.  Nothing contained herein shall prevent a party from filing a motion with the Court contesting an opposing party's designation of certain information as "CONFIDENTIAL INFORMATION" to be subject to the terms of this protective order.  It is agreed and understood that at all times the burden of establishing the confidential nature of the information in question remains with the party claiming confidentiality.  The parties shall designate information as CONFIDENTIAL INFORMATION only in good faith and not as a mechanism to inhibit or complicate discovery.

6.  The receiving party's counsel shall be permitted to disclose such CONFIDENTIAL INFORMATION to their client and any consulting and/or testifying experts and any potential fact or lay witnesses only to the extent required for assisting in the preparation of and trial of this action or any appeal herein and then only after such individuals have read this Stipulated Protective Order and have specifically agreed in writing not to discuss, disclose, or otherwise use any CONFIDENTIAL INFORMATION of the disclosing party in violation of the terms and spirit of this Protective Order.

7. The requirement of a written agreement may be satisfied by having the individual sign and have notarized a copy of this Protective Order or by executing an Affidavit in the form attached hereto as Exhibit A. Regardless of its form, the written agreement shall be retained by the counsel disclosing the information.

8. The receiving party's counsel shall be permitted to disclose CONFIDENTIAL INFORMATION to support personnel, other attorneys who are partners or associates within their respective law firms, provided each individual is instructed to maintain such information in strict confidence and then only to the extent required for assisting in the preparation of and trial of this action or any appeal thereof.

9. The receiving party, counsel, all support personnel thereof, and any experts employed by the receiving party or counsel are strictly prohibited from disclosing CONFIDENTIAL INFORMATION to any individual not contemplated by the terms of this Protective Order absent a court or administrative order, subpoena, or the written consent of the originating party. If such an individual or entity receives a subpoena or order requiring disclosure of any CONFIDENTIAL INFORMATION, the receiving party shall immediately provide notice thereof to the counsel of record for the originating party. Should the originating party and/or its counsel desire that the information requested not be produced, it is the obligation and responsibility of the originating party to procure relief from the obligation to respond to any such subpoena or order for the individual or entity upon which it was served.

10. In the event any CONFIDENTIAL INFORMATION is included with or in any way disclosed by any pleading, motion or paper filed with the Court, any party can request that the Court, for good cause shown, file and keep the CONFIDENTIAL INFORMATION under seal. Any material containing CONFIDENTIAL INFORMATION that is ordered by the Court to be filed under seal shall be filed in sealed envelopes or other appropriately sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, the identity of the party filing the materials, the word "Confidential" or the phrase "Confidential - For Outside Trial Counsel Only" and a statement in

substantially the following form:

> "THIS ENVELOPE (CONTAINER) CONTAINS CONFIDENTIAL DOCUMENTS (OBJECTS) AND, EXCEPT BY ORDER OF THE COURT OR PURSUANT TO STIPULATION BY THE PARTIES, SHALL NOT BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED TO ANYONE OTHER THAN TO THE COURT OR COUNSEL OF RECORD."

This provision shall not be deemed to prevent additional copies of any pleading or paper from being hand delivered to the Court's chambers provided, however, such copies comply with the requirements set forth herein.

11. Any failure to designate information as CONFIDENTIAL INFORMATION which was the result of mistake or oversight may be cured after the date of production by providing notice to the opposing party and, to the extent reasonably possible, all others bound by the terms of this Protective Order.  Upon receipt of such notice, such individuals shall immediately take action to maintain and restrict the use of such information in accordance with the terms of this Protective Order, except to the extent that the failure to designate has rendered such action impracticable.

12. Subject to the Federal Rules of Evidence, CONFIDENTIAL INFORMATION may be offered in evidence at trial or any Court hearing, provided that the proponent of the evidence advises the other party of the confidential nature of the information prior to its offer. Without limiting the manner in which such notice may be provided, the inclusion of CONFIDENTIAL INFORMATION in a trial exhibit list or deposition designations for trial shall constitute notice under this paragraph.

13. Procedures for utilizing and disclosing information designated as CONFIDENTIAL at any hearing or during trial shall be discussed with the Court at or before such hearing or at the final pretrial conference.  Any party may move the Court for an order that the evidence be reviewed *in camera* or under other circumstances to prevent unnecessary disclosure.  The Court will then determine whether the proffered evidence should continue to be treated as CONFIDENTIAL INFORMATION and, if so, what protection, if any, may be afforded such information at the hearing or trial.  The Order shall be without prejudice to the

right of the parties to bring before the Court at any time the question of whether any particular document or information is Confidential Information or whether its use should be restricted. Any such request must specifically and in detail identify the document or information at issue.

14. In the event that any CONFIDENTIAL INFORMATION is used in any Court proceeding in this action, it shall not by such use lose its confidential status, and the party using such material shall take all steps reasonably available to protect its confidentiality during such use.

15. Nothing herein shall be construed as a waiver of any party's right to object to the production, or admissibility, of any evidence or testimony based upon any grounds other than confidentiality.  Moreover, nothing herein shall be construed as a limitation on the originating party's right to use or disclose its own information as it sees fit for internal business purposes without the prior consent of the opposing party or this Court notwithstanding its designation as CONFIDENTIAL for this matter.

16. Any CONFIDENTIAL INFORMATION disclosed pursuant to this Protective Order shall be used solely for the purposes of this lawsuit or appeal thereof.  Upon termination of this litigation, whether by final judgment and appeal, or by settlement, all materials and documents designated as CONFIDENTIAL INFORMATION as well as all copies in the receiving party's possession or subject to their control shall be returned to the originating source or destroyed, at the option of the receiving party.  Counsel shall be permitted to retain copies of any CONFIDENTIAL INFORMATION which are used in or made part of any deposition or proceeding, were included in any filing with the Court, or which are part of any work product or privileged communication.

17. This Stipulated Protective Order may be modified or amended by further stipulation between the parties and order of the Court for good cause shown.

APPROVED:

| FOR PLAINTIFF: | FOR DEFENDANTS DELPHI AUTOMOTIVE SYSTEMS LLC AND JIM MONEY |
|---|---|
| s/Paul R. Leonard w/authorization JDW<br>Paul R. Leonard, Esq.<br>424 Patterson Road<br>Dayton, OH 45419<br>Telephone: (937) 294-2778<br>Facsimile: (937) 294-1784<br><br>Attorney for Plaintiff<br>Robert Givens | s/Jeffrey D. Winchester<br>Colleen A. Deep (0061665)<br>Jeffrey D. Winchester (0068838)<br>JONES DAY<br>P.O. Box 165017<br>Columbus, OH 43216-5017<br>Telephone: (614) 469-3939<br>Facsimile: (614) 461-4198<br>E-Mail: cadeep@jonesday.com<br>jdwinchester@jonesday.com<br><br>Attorneys for Defendants Delphi Automotive Systems LLC and Jim Money |

FOR DEFENDANT GARY SEXTON:

s/Jane E. Beach w/ authorization JDW
Jane E. Beach, Esq.
Murr, Compton, Claypoole & MacBeth
401 East Stroop Road
Kettering, OH 45429-2829
Telephone: (937) 298-1054
Facsimile: (937) 293-1786
E-Mail: jbeach@mccmlawyers.com
Attorney for Defendant Gary Sexton

IT IS SO ORDERED

June 23, 2005

                                                s/ Sharon L. Ovington
                                                Sharon L. Ovington
                                        United States Magistrate Judge

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**ROBERT GIVENS,**

    **Plaintiffs** | Case No. 3:03-cv-440

  **v.** | Judge Rose
       | Magistrate Judge Ovington

**JIM MONEY, et al.,**

    **Defendants.**

AFFIDAVIT

STATE OF _____ §
                              §
COUNTY OF _____ §

    I, _____, do hereby acknowledge that I have been provided with a copy of the Stipulated Protective Order entered in this action addressing the manner in which CONFIDENTIAL INFORMATION which has been produced or will be produced by the parties shall be treated.

    I state that I have read and understand the Stipulated Protective Order and hereby represent and warrant that I will abide by the Stipulated Protective Order and agree to be bound by it. I specificity agree not to discuss, disclose, or otherwise use any CONFIDENTIAL INFORMATION that may be disclosed to me in the course of this litigation in any manner not contemplated by the Stipulated Protective Order.

    I further acknowledge that any failure on my part to comply with the provisions of the Stipulated Protective Order shall be punishable by contempt of court.

Dated:_____      _____
                                                               Signature

                                                              _____
                                                              (Printed Name)

    SUBSCRIBED AND SWORN TO BEFORE ME, a Notary Public, in and for said County and State, this \_\_\_\_\_ day of \_\_\_\_, 200\_.

                                                              _____
                                                              Notary Public

My Commission Expires:            _____
_____                           (Printed Name of Notary)